## SPARROW & TRENCH, Appellants, *v.* C. L. STRONG ET AL., Respondents.

The Supreme Court of the State of Nevada is the successor to the Supreme Court of the Territory of Nevada, and has the same control over the records of the late Supreme Court in all cases where anything remains to be done, that it has over its own records.

Courts of record may always amend a clerical error in a judgment or order at a subsequent term, when the error is shown by the record, and there is no necessity to resort to other evidence than is afforded by the record to correct the error.

There is great conflict of authority as to whether an inferior Court can amend its record whilst the case is pending, on writ of error in a superior Court. *Held,* that the pendency of the writ of error is not an impediment to the amending of the record so as to correct clerical errors.

In the event the Supreme Court of the United States should hold that the appeal from the order denying the motion for a new trial was never acted on by the Territorial Court, we have no hesitation in saying this Court would be governed in its future action by such opinion.

By Justice BROSNAN, dissenting.—The pendency of the case in the Supreme Court of the United States supersedes all action upon the part of this Court, except in obedience to the mandate of the superior Court. The application for amendment of the judgment should have been made in that Court.

THIS was a motion made in the Supreme Court of the State of Nevada to correct what was alleged to be a clerical error in a judgment entered up in the Supreme Court of the Territory of Nevada. The other facts necessary to understand the points decided are stated in the opinion of the Court.

*C. J. Hillyer,* for the motion to amend on behalf of Respondents.

This Court is the successor to the Territorial Supreme Court. (Constitution of Nevada; Laws of the United States, Vol. 13, p.

441; *Freeborn* v. *Smith*, 2 Wallace, 160; *Hastings* v. *Johnson*, 2 Nevada.)

The clerical error in the judgment is apparent on its face, and should therefore be corrected. (*Balch* v. *Shaw*, 7 Cushing, 282, 8 Cush. 315; *Close* v. *Gillespey*, 3 John. 526; *Sharpe* v. *Fowler*, Littell's Selected Cases, (Ky.) 447; 17 Pick. 169; *O' Connell* v. *Miller*, 11 Ill. 57; *Short* v. *Kellogg*, 10 Georgia, 180; *Hudson* v. *Hudson*, 20 Ala. 364; *Hill* v. *Hoover*, 5 Miss. 386; 1 Pick. 353; 5 Burrow, 273; 2 Strange, 908; 2 Cowen, 408; Vol. 1 Bacon's Abridg. p. 251 *et seq.*; *Waldo* v. *Spencer*, 4 Conn. 71.)

The pendency of the writ of error is no impediment to this action. (Bacon's Abridg. Vol. 6, page 25; Bacon's Abridg. Vol. 1, 256; *Weed* v. *Weed*, 25 Conn. 357; *Tillotson* v. *Cheetham*, 3 John. 95; *Tillotson* v. *Cheetham*, 4 John. 499; *Rew* v. *Barker*, 2 Cowen, 408; *Holmes* v. *Remson*, Id. 410; *Cooper* v. *Bissel*, 15 John. 316; *Clark* v. *Lamb*, 8 Pick. 414; *Hutchinson* v. *Crossen*, 10 Mass. 250; *Rowell* v. *Bruce*, 5 N. H. 381; *King* v. *Anthony*, 2 Blackford, 131; *Smith's Ex.* v. *Todd's Ex.*, 3 J. J. Marshall, 299; *Boyle* v. *Connelly*, 2 Bibb, 7.)

This Court alone has the power to make the amendment.

*Williams & Bixler*, in opposition to the Motion.

This record belongs to the United States, and can only be transferred to the control of the State Courts by the united action of the State and Congress. This has not been done. (See *Hastings* v. *Johnson*, 2 Nevada Repts.)

The Constitution and Legislature of this State have never given this Court jurisdiction over any case like this, finally determined in the Supreme Court of the Territory, and then taken by writ of error to the Supreme Court of the United States. The Constitution and laws have only given jurisdiction in cases pending and undetermined in the Territorial Courts.

Even if the Territorial Court was still in existence, and this motion was made in that Court, it could not make the order. The appeal suspended all proceedings in the lower Court. (*Ford* v. *Thompson*, 19 Cal. 119; *Thornton* v. *Mahoney*, 24 Cal. 584.)

The inferior Court cannot be allowed by its action to defeat or

render nugatory the action of the Appellate Court. (*Rew* v. *Barker*, 2 Cowen, 408 ; *Cheetham* v. *Tillotson*, 4 John. 506 to 509.)

Even if the Court had jurisdiction of the subject, and there was no appeal, still this correction could not be made.   Courts, after the expiration of the term, can only correct clerical errors, and that when there is something in the record to correct by.   (1 Bacon Abridg. Title Amendment, [F] and [G] pages 251 to 258 ; *Morrison* v. *Ramerez*, 3 Cal. 256 ; *Branger* v. *Chevalier*, 9 Cal. 352 ; *Smith* v. *Brannan*, 13 Cal. 115 ; *De Castro* v. *Richardson*, 25 Cal. 53 ; *Hegeler* v. *Heuckell*, 27 Cal. 492 ; *Adkinson* v. *Stevens*, 7 J. J. Marshall, 237 ; *Waldo* v. *Spencer*, 4 Conn. 71 ; *Judson* v. *Blanchard*, 3 Conn. 584, and cases there cited in the brief of counsel and opinion of the Court ; and *Bank of United States* v. *Moss*, 6 How. U. S. 39.)

No amendment can be allowed to cure defective action of the Court. (*Balch and Wife* v. *Thare*, 7 Cushing, 282.) It is sought here not to correct a clerical error, but to correct the judgment of the Court.

Opinion by BEATTY, C. J., LEWIS, J., concurring.

In this case there is an application made to us by respondent to correct what is alleged to be a clerical mistake in entering up a judgment of the Supreme Court of the Territory of Nevada, rendered in 1863.

There are various objections made by appellants to our granting the relief sought by the motion.  Appellants contend that this Court is not the custodian of the records of the late Territorial Court ; is not the successor of that Court, and has no jurisdiction over the parties to the record.   In the case of *Hastings* v. *J. Neely Johnson*, (2d Vol. of Nevada State Reports) lately decided by this Court, we held that the State Courts had jurisdiction to hear and determine causes left pending in the Territorial Courts at the time of the transition from a Territorial to a State Government.   But it is said that a case which was finally decided in the Supreme Court of the Territory and taken by writ of error to the Supreme Court of the United States, was not pending in the Territorial Courts at the time of change of Government ; that so far as these Courts were concerned, the case was finally disposed of ; that the Ter-

Sparrow & Trench *v.* Strong *et al.*

ritorial Court had no longer anything to do with the case, and therefore, admitting we are in any sense the successors of that Court as to all unfinished business, this case does not come under that class of cases.

In this last proposition appellants are clearly wrong. Whenever the case is disposed of on the writ of error, a mandate will, according to the regular course of practice in the United States Supreme Court, issue to some tribunal to carry the orders of that Court into effect. That Court has decided, where there is no inferior tribunal to which they can issue their mandate, they will not hear a case on writ of error, because their judgment in such case would be nugatory and incapable of being enforced. (See *Hunt* v. *Palao*, 4 Howard, 588.) Then, in the case under consideration, if the Supreme Court of the United States either affirms or reverses it, that Court will send its mandate to some inferior Court. As the Territorial Court has ceased to exist, this is the only Court to which such mandate can be sent. That it will be sent to this Court we may safely infer, from the fact that in the case of *Freeborn* v. *Smith*, (2 Wallace, 160) the Supreme Court of the United States did send its mandate to this Court in a precisely similar case.

It would seem, then, in any event, that something more is to be done in this case after the decision of the case on the writ of error, and the mandate to do what is necessary will be sent to this Court.

The Act of Congress of February 27th, 1865, providing for a District Court in the State of Nevada, and other things, clearly provides that this Court shall be the successor to the Supreme Court of the Territory of Nevada, in cases of this kind. Our Constitution provides we shall be the successors to that Court in all *pending* cases. The term " pending cases," as we understand it, in this connection, includes all cases in which anything remains to be done, and therefore includes this case. We think it may fairly be inferred from the decisions of the Supreme Court of the United States, in the cases of *Hunt* v. *Palao* and *Freeborn* v. *Smith*, just referred to, that the same view of our Constitution and the law of Congress is entertained by the Supreme Court of the United States. Jurisdiction is conferred on this Court as the successor of the late Supreme Territorial Court, by the concurrent act of the State authorities and the Congress of the United States. Under such

authority we hold that we have the same control over the records of that Court that we have over our own, in all cases where anything remains to be done.

The next question to be determined is, whether we shall make the correction asked for ? And in regard to this point, two things are to be considered : First, is it proper that the amendment asked for should be made, provided the pendency of the writ of error is no impediment to our action in the premises ? and, second, does the pending of that writ in a Court of higher jurisdiction deprive this Court of the power to make corrections in the record which would be otherwise proper ?

With regard to the powers of Courts to correct their records after the expiration of the term at which the record is made up, and as to the character of the evidence which will be received to guide the Court in such corrections, there is much conflict of opinion.

But on one proposition there is perfect unanimity among all Judges, Courts, and, we may say, well informed lawyers. The Court will at all times correct a mere clerical error, which can be corrected from the record itself. This, it appears to us, is precisely one of those cases. The plaintiffs and appellants had an action at law pending in the First District Court of the Territory of Nevada for certain mining ground. The case was tried, and verdict of jury for defendants. Plaintiffs asked for a new trial, and on the refusal of the Court below to grant a new trial, plaintiffs filed the following notice :

" Take notice that the plaintiffs in the above entitled action appeal to the Supreme Court of this Territory from the order made in this cause on the thirteenth day of November, A.D. 1862, by the District Court of the First Judicial District overruling the plaintiffs' motion for a new trial, argued and submitted at the May term of this Court, to which ruling plaintiffs duly excepted."

Upon the service of this notice, the filing of the necessary undertaking, etc., the transcript was made out and the case brought before the Supreme Court of the Territory for hearing. Now it is evident the only question brought before the Supreme Court for its adjudication was the question as to whether the First District Court was right, or committed an error in overruling the motion for new trial.

After the case was argued and submitted on this record, the Court filed the following opinion or order : " Ordered that the judgment of the Court below in this cause be affirmed, with costs." The Clerk, in writing up the judgment, in supposed conformity to the opinion, entered it in the following manner :

" Now, on this day, the cause being called, and having heretofore been argued and submitted and taken under advisement by the Court, and all and singular the law and the premises being by the Court here seen and fully considered, the opinion of the Court herein is delivered by Turner, C. J., Mott, J., concurring, to the effect that the judgment of the Court below be affirmed.

" Whereupon it is now ordered, considered, and adjudged by the Court here, that the judgment and decree of the District Court of the First Judicial District, in and for Storey County, be and the same is hereby affirmed with costs."

To our mind it appears evident the clerk did not carry out the intent of the Court as expressed in the written opinion or direction filed.

The Court order the " judgment of the Court below in this case " to be affirmed. Now, what judgment could the Court refer to but the judgment appealed from ? It did not mean to affirm all judgments between the parties named at the head of the order, nor any judgments between the said parties, but the one appealed from. The only judgment appealed from was the *judgment*, " judicial determination," or order of the Court refusing a new trial. And this was the only judgment referred to by the Court. The first paragraph of the judgment, as entered up by the Clerk, read well enough, but in the second, some change should have been made to conform to the evident meaning of the order signed by two of the Judges of that Court. The words " and decree " should have been omitted, and after the word " county " the following words should have been added : " overruling the motion for a new trial." The judgment would have then read: " Whereupon it is now ordered, considered, and adjudged by the Court here, that the judgment of the District Court of the First Judicial District, in and for Storey County, overruling the motion for a new trial, be and the same is hereby affirmed with costs," which would have clearly expressed the intention of the Court.

The Territorial statute then in existence, it is true, defined a judgment and an order and drew a distinction between them. And it would have been more in consonance with the statute if the Supreme Court had said the *order* of the Court below in this case is affirmed. But if they had expressed the same idea in other language, it would have been equally binding. The word "judgment" usually means either the final determination or the record expressing the final determination of a Court as to the rights of parties litigant in a common law action. The statute clearly points out the distinction between the word "judgment" when used in this sense and the word " order."·

The judgment of a Court sometimes only means the judicial determination of a disputed fact or contested point of law. In the order filed by the Court in this case it was used in this latter sense. Nothing is more common in Courts than for a Judge to make a short order directing the Clerk to enter judgment. The Clerk is then guided in entering the judgment by the order of the Court and the record in the case. For instance : a Judge says to the Clerk, either orally or in writing, " Enter the judgment for plaintiff for the amount sued for." The Clerk must of necessity look to the complaint to see how or for what amount he must enter judgment. So in this case, the Clerk should have been guided by the order of the Court and by the record showing the nature of the appeal.

Although there is some conflict of opinion as to whether an inferior Court can amend the record whilst a case is pending upon writ of error in a higher Court, we are inclined to think that the weight of authority is in favor of the proposition that the pending of such writ does not prove an impediment to the action of the Court below. And we come the more readily to this conclusion because if we are wrong, the Supreme Court of the United States will disregard any order we make in the premises. If we are to err, it is better to err on that side where there is a remedy than where there is none.

It has been suggested by the counsel for the appellants that possibly the Supreme Court of the United States may decide that the appeal pending in the Territorial Supreme Court has never been decided. That the judgment of that Court affirming the "judgment and decree " of the lower Court was not an affirmance of the order denying the motion for a new trial. That if such be the case, and the

amendment asked for here should be made, plaintiffs would lose a, hearing on the merits, both in this Court and the United States Court.   In the one, because the case *had not* been decided in the Territorial Court, as appeared by the original record ; in the other, because it *had* been decided there, as shown by the *amended* record. We have no hesitation in saying we would be governed by the decision of the United States Supreme Court in this matter.   If that Court should hold that there has been no decision on the order appealed from, we will be guided by that ruling and proceed to hear the appeal on its merits.   Whilst we will make the order amending the record, we will also provide in that order that in case the Supreme Court of the United States shall have decided or shall hereafter decide that there has been no adjudication of the appeal in this case by the Territorial Supreme Court, the appellants in this case may move to set aside the order making the amendment to the record and to place the case on the calendar for hearing.

It is therefore ordered that the judgment heretofore entered by the Supreme Court of the Territory of Nevada be so amended as to read as follows :

" *Sparrow & Trench* v. *C. L. Strong et al.*—Now on this day, this cause being called, and having been heretofore argued and submitted and taken under advisement by the Court, and all and singular the law and the premises being by the Court here seen and fully considered, the opinion of the Court herein is delivered by Turner, C. J., Mott, J., concurring, to the effect that the judgment of the Court below be affirmed.   Whereupon it is now ordered, considered, and adjudged by the Court here, that the judgment of the District Court of the First Judicial District, in and for Storey County, overruling the motion for a new trial, be and the same is hereby affirmed with costs."   It is further ordered that the appellants may hereafter move to set this order aside, in case it shall have been held or shall hereafter be held by the Supreme Court of the United States that the point on appeal to the Territorial Court in this case has never been decided.

Dissenting opinion by BROSNAN, J.

In view of the circumstances surrounding this case, I am unable to concur in the opinion of my associates.   The reason of my dis-

sent is, that the appeal taken to the Supreme Court of the United States (which appeal is admitted to have been perfected in strict compliance with law and precedent) suspends all proceedings in this Court pending such appeal, except as this Court may be moved and empowered to act in the premises in obedience to mandate from the appellate tribunal. The application, in my opinion, should have been made before the Court now having the case in charge.