JAMES H. STEPHENS, PLAINTIFF IN ERROR, VS. THOMAS P. BRADLEY, DEFENDANT IN ERROR.

1. An amendment *nunc pro tunc* of the record of a case decided by the Circuit Court may be made in such court while the case is pending on appeal in the Supreme Court.

2. Where the amendment is material it should not be made without notice to the opposite party, but where the amendment is not material it will be recognized by the Supreme Court, though made without notice.

Writ of Error to the Circuit Court for Taylor County.

The facts of the case are stated in the opinion.

*W. S. Hamby* and *J. S. White* for the motion.

*J. N. Stripling, contra.*

THE CHIEF-JUSTICE delivered the opinion of the court:

An action of trespass *vi et armis* was commenced by defendant in error against plaintiff in error, Thomas Osteen and D. N. Cox, in the Circuit Court of Taylor county. Osteen died during the pendency of the suit. The original record contained a judgment against Stephens, and was silent as to Cox. At the last term of this court, on application of counsel for defendant in error, a writ of certiorari was issued to the Clerk of the Circuit Court for said county, commanding him to send up a complete transcript of the record, and the case was continued. After the continuance, defendant in error, by his counsel, applied to the court below to amend the record, which was granted. The amendment showed that after the commencement of the suit that the suit was discontinued by *nolle prosequi* as to Cox. Counsel for plaintiff in error now moves to strike from the record the amendments aforesaid, because it ap-

pears that the amendments were made after writ of error sued out, and because no notice was given to plaintiff in error, or his counsel, of the intention of defendant in error to make such a motion.

As to the first ground we think the practice is well settled that after a case has been brought to this court by appeal or writ of error the record in the case may be amended in the court below. As to whether notice of motion of intention to apply to the court to amend the record is necessary or not, the authorities differ. We are of the opinion that when the amendment is material that such notice should be given to the opposing counsel. In the case at bar, the suit being in tort, and it being the rule that the jury might find a verdict and the court render a judgment against one or all or part only of the defendants, the fact that a verdict and judgment was only rendered against Stephens, was immaterial. In such a case the court would presume that the case had been discontinued as to the other defendants, or that the silence of the verdict and judgment as to part of them was a verdict in favor of the parties not mentioned.

We think that notice in this case was not necessary, and the motion is denied.