WILLIAM T. BROWN, PLAINTIFF IN ERROR, VS. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

The Supreme Court, acting upon a true transcript of the record of an inferior court, and in the regular course of appellate procedure, reversed the judgment of the inferior court on the ground that the record of the latter court did not show that the petit jury was sworn, or that the prisoner was personally present when sentence was pronounced upon him for a felony. After the

*remittitur* of the Supreme Court was issued and filed in the inferior court, the latter court amended its record *nunc pro tunc*, so as to make it show that the jury had been sworn and the prisoner was personally present when sentenced : *Held*, On motion made by the State at the same term of the Supreme Court, that it lost jurisdiction of the writ of error, and could not vacate the entry of its judgment and restore the case to its docket.

Writ of error to the Circuit Court for Duval county.

The facts in the case are stated in the opinion of the court.

Motion to vacate judgment and for rehearing. ·

*The Attorney-General* for motion.

No appearance, *contra*.

RANEY, C. J. :

A judgment was rendered by us in this case on the first day of April last reversing the judgment of the Criminal Court of Record of Duval county, entered at its November term, 1891.   The reasons for such reversal were, that the record proper did not show that the jury were sworn, or that the prisoner was personally present when sentence was pronounced.   Brown vs. State, 29 Fla., 494, 10 South. Rep., 736.   He was convicted of a felony.   After the *remittitur* was issued and filed in the Criminal Court, the Attorney-General moved, on May 17th, to vacate our judgment of rever-

sal and for a rehearing of the cause, "for the reason that what purports to be a transcript of the record in said cause is not in fact a true and correct transcript of said record in the court below, and the alleged defects of record upon which the judgment of the court below was reversed do not in truth and fact exist; but that the contrary is true;" and he suggests diminution of record, and asks for a writ of certiorari directing that court to make a further return showing that the jury was "duly sworn, and showing the further fact of the presence of the said William T. Brown in the court below at the time of the sentence being pronounced against him by the court, and other entries lacking in the transcript heretofore filed." In support of this motion the Attorney-General files, as stated in his motion, a certified copy of the order of that court amending its record.

This certified copy shows that on the 11th day of May, 1892, which was after our mandate had gone down, that court, at its April term, 1892, made an order amending the record of the November term, 1891, as to the trial of Brown, so as to make it show that the jury was "duly elected, tried and sworn according to law," and that Brown was present "in his proper person, as well as by his counsel, F. W. Pope, and saying nothing sufficient why the sentence of the law should not be passed upon him." This order also states that Brown was present in person and by counsel when it was made, and it purports to have been

made for the purpose of having the record speak the truth.

Due notice of the motion now before us was given to the attorney who represented Brown in this court, and this attorney having voluntarily filed his views on the motion, as *amicus curiæ*, but not as attorney of Brown in this matter, we adjourned the hearing of the motion and issued notice to Brown personally. This notice has been returned not served, because of the inability of the sheriff to find him; still the view we take of the question involved in the motion renders the want of service immaterial.

It is evident that the judgment of this court which it is sought to have opened was rendered without irregularity of procedure, and upon the true record of the cause as it then stood in the Criminal Court of Record, and that our mandate had been filed in that court before any motion was made there to amend the record upon which the trial, or review, of the case was had here. There is not only not any error of law in our decision, but our exercise of jurisdiction has been entirely regular and is not the result of either mistake, surprise, imposition, misrepresentation or fraud. The record of that court as it was and as all the parties knew it to be, was regularly brought here and the cause duly heard. The State was content to let the record stand thus in the lower court and to risk a trial upon it here. It was entirely competent for the State to

32

have had the record of that tribunal, if it did not speak the truth, amended while the proceedings were pending here, and by bringing the amended record here they could have arrested our action on the original record before we rendered judgment; Stephen vs. Bradley, 23 Fla., 393; 2 South. Rep., 667; Freeman on Judgments (4th ed.), sec. 73; Dunbar vs. Hitchcock, 3 Maule & Selw., 591; Richardson vs. Mellish, 3 Bing., 334; Richardson vs. Mellish, 3 Bing., 346; Mellish vs. Richardson, 7 Barn. & Cress., 819; Pickwood vs. Wright, 1 H. Bl., 643; Freel vs. State, 21 Ark., 212; Binus vs. State, 35 Ark., 118; Exchange National Bank vs. Allen, 68 Mo., 474; Dow vs. Whitman, 36 Ala., 604; Ladiga Saw Mill Co. vs. Smith, 78 Ala., 108; Neff vs. Edwards, 81 Ala., 248; Rew vs. Barker, 2 Cowen, 408; Sparrow vs. Strong, 2 Nev., 362; and, according to some of the authorities, it could have secured a vacation of our judgment even after its rendition, if the amendment had been made below before the actual entry of such judgment; Mellish vs. Richardson, *7 Barn. & Cress.*, 819. Instead of pursuing this course, the State has rested its cause upon the record as it was made, and not only has our decision gone against it, but the cause has, by the issue of the *remittitur* and its lodgment in that court, passed from us. In the face of these facts, it cannot be said that the cause is still in this court, or that there is any ground for restoring it to our docket; on the contrary, it falls within that class of the cases reviewed in the case of Lovett vs. State, just decided (29th Fla., 384; 11 South. Rep., —) in which the jurisdiction of the appellate

court is held to have been lost, and the cause can not be recalled. A simple reference to these authorities, and the discussion of them in that case, is all that is necessary here.

The cases of Tilden vs. Johnson, 6 Cush., 354 ; Balch vs. Shaw, 7 Cush., 282 ; Fay vs. Wenzell, 8 Cush., 315; Stickney vs. Davis, 17 Pick., 169, and Commonwealth vs. Weymouth, 2 Allen, 144, cited by the Attorney-General, do not justify us in holding that this cause has not passed from our control ; nor have we found any authority which authorizes such a conclusion. In Mellish vs. Richardson, 7 Barn. & Cress., 819, the *postea* had been amended in the lower court before the judgment of the appellate court was entered ; and it moreover does not appear that the *remitittur* had issued ; our understanding is that it had not.

All we decide now is that we have lost jurisdiction of the writ of error, in which our judgment was rendered, and can not disturb or reconsider that decision. Nothing else is before us.

The motion is denied, and it will be ordered accordingly.