F. F. Palmquist v. The State of Florida.—Syllabus.

F. F. PALMQUIST, PLAINTIFF IN ERROR, VS. THE
STATE OF FLORIDA, DEFENDANT IN ERROR.

1. In a criminal prosecution where the only evidence as to the
swearing of the jury is a recital in the record that the jurors
were sworn according to law, such recital is sufficient to show
a proper swearing of the jury.

2. In cases of felony it is essential that the record should show the
accused was personally present during the trial, as well as
when the sentence of law is passed upon him; but this fact
will sufficiently appear if the record affirmatively shows either
expressly or by reasonable intendment, or in substance, that
he was present during the trial.

3. The following recital in a record: "And now comes the defen-
dant by his attorney and enters his plea of not guilty," shows
an appearance by an attorney, and not a personal appear-
ance of the accused; and a memorandum made by the clerk
on the back of an information that the accused, being ar-
raigned in open court, to the information pleaded not guilty,
but which was not incorporated into the record proper of the
case, cannot be allowed to contradict the record as to the ap-
pearance of the accused, or to furnish evidence of his personal
presence at the trial.

Writ of Error to the Circuit Court for Duval
county.

The facts in the case are stated in the opinion of the
court.

*John E. Hartridge* for Plaintiff in Error.

*The Attorney-General* for Defendant in Error.

MABRY, J. :

Palmquist, the plaintiff in error, was convicted in the Criminal Court of Record for Duval county, Florida, upon an information filed in that court on the 4th day of January, A. D. 1892, charging that he, on the first day of January, A. D. 1891, in the county and State aforesaid, "then and there having the charge, control and management of a certain room in the city of Jacksonville, did then and there unlawfully and feloniously procure, suffer and permit divers persons to play for money and chips, the same being then and there valuable things, at a certain game of cards called 'poker,' the same being then and there a game of chance ; contrary to the form of the statute in (such) cases made and provided, and against the peace and dignity of the State of Florida." Another count in the information charges the same offense, except it is alleged that the name of the game played was to the informant unknown. The information has endorsed on it the following : "Defendant, F. F. Palmquist, being arraigned in open court, and to the within information pleaded not guilty. Jno. L. Doggett, Clerk of the Criminal Court of Record. 1-12-'92."

The transcript of the record of the proceedings in this case, filed in this court on May 31st, A. D. 1892, contained the following recitals, *viz :* "And after-

wards, to-wit: on the 12th day of January, A. D. 1892, comes the defendant by his attorney and enters his plea of not guilty; whereupon came a jury," (whose names are given) "who having heard the evidence, argument of counsel and charge of the court, retired to consider of their verdict, which, after due deliberation, they brought in, in the words and figures as follows" (then follows a verdict of guilty as charged in the first count.) "And afterwards, to-wit: on the 13th day of January, A. D. 1892, came the defendant by his attorney and moved the court to set aside said verdict and grant a new trial," which motion and the order of the court overruling it are set out in the transcript. The transcript further recites: "whereupon a judgment upon said verdict was entered by the court in the words and figures following: It is ordered and adjudged by the court that you, F. F. Palmquist, be taken by the sheriff of Duval county, Florida, or his lawful deputy, to the State's prison of the State of Florida, and delivered to the principal keeper thereof, and there to be confined in said State's prison at hard labor for the period of one year from the date of your incarceration therein."

Among others it is assigned for error on this record that it does not show the swearing of the jury who convicted the accused, nor does it show that the accused was ever in court at any time during the trial, or when he was sentenced.

On July 26th, A. D. 1892, on motion of the Attor-

ney-General, upon suggestion of a diminution of the record, a writ of *certiorari* was issued, directed to and commanding the clerk of the Criminal Court of Record for Duval county to send up the amended record entries showing the swearing of the jury, and the presence of the accused at the time sentence was passed upon him in the said Criminal Court of Record for Duval county. In obedience to the commands of this writ, said clerk has transmitted to this court a certified copy of amended record entries in said cause, made by order of the judge of said court, on the 29th day of June, A. D. 1892. The amended record entries certified to us are as follows, *viz :* "Tuesday, January 12th, 1892. December Term, 1891." (Style of case here given). "And now comes the defendant by his attorney" (giving name) "and enters his plea of not guilty; whereupon came a jury, to-wit:" (their names are given) "who having been duly elected, tried and sworn according to law, and having heard the evidence, argument of counsel and charge of the court, retired to consider of their verdict, which, after due deliberation, they brought in, in the words and figures as follows," then follows verdict of guilty as charged in the first count. Also the following: "Tuesday, January 13th, 1892. December Term, 1891." (Style of case here given). "A motion to set aside the verdict and grant a new trial in the above-entitled cause upon being submitted to the court was denied, and exception noted. And now on this day came the State of Florida, by R. M. Call, County Solicitor for Duval county, prosecuting for the State of

Florida in said county, and moved judgment upon the verdict of the jury heretofore rendered in the above entitled cause; and comes the defendant in his own proper person as well as by his counsel" (giving name), "and saying nothing sufficient why the sentence of the law should not be passed upon him, the said F. F. Palmquist, therefore it is ordered and adjudged by the court that you, F. F. Palmquist, be taken by the sheriff of Duval county, Florida, or his lawful deputy, to the State's prison of the State of Florida, and delivered to the principal keeper thereof, and there to be confined in said State's prison at hard labor for the period of one year from the date of your incarceration therein."

This cause being now submitted on the transcript of the record with the amendments certified by the clerk, it is made to appear clearly that the objections as to the swearing of the jury and the presence of the accused when sentence was passed upon him are untenable. The record now shows that the jury was sworn according to law. This is sufficient. Garner vs. State, 28 Fla., 113, 9 South. Rep., 835; Brown vs. State, 29 Fla., 494, 10 South. Rep., 736. The personal presence of the accused in open court when sentence was passed upon him is also shown. The assignment of error, however, embraces the further objection that the defendant was not personally present during the trial. The offense with which the accused is charged is a felony, and upon conviction he was sentenced to the penitentiary for one year. The general rule—the one recognized by this court in such cases—requires a

showing by the record that the accused was personally present during the trial preceding the sentence, as well as when the judgment of the law is passed upon him. Warrace vs. State, 27 Fla., 362, 8 South. Rep., 748; Brown vs. State, 29 Fla., 494, 10 South. Rep., 736. It is not indispensable that the record should show by a direct affirmative recital the personal presence of the accused at each and every step taken in the trial, although such presence is necessary. This fact will sufficiently appear if the record affirmatively shows either expressly or by reasonable intendment, or in substance, that he was present in person during the trial. In view of our recent discussion of this question, it is only necessary to refer to our decisions on the subject for a further elucidation of it. Brown vs. State, *supra;* Lovett vs. State, (first opinion) 29 Fla., 356, 11 South. Rep., 172.

Leaving out of consideration the endorsement of the clerk on the information as to the arraignment of the accused, and looking to the record proper, the original as well as the amended record entries, it is apparent that we have before us no record evidence from which we can conclude that the accused was personally present at any time during the trial or before sentence was passed upon him. The original as well as the amended record recites that on the 12th day of January, A. D. 1892, the day on which the trial was had, the defendant came, by his attorney, and filed his plea of not guilty. The jury was then called, a trial had, and a verdict of guilty rendered. There is not a word in the record of that day's proceedings to indicate the per-

sonal presence of the accused. The coming of the defendant and the filing of the plea of not guilty are by attorney, and this does not afford ground for any reasonable inference of a personal presence. The reasonable intendment or inference of a personal presence must grow out of the recitals in the record. Here the reasonable intendment is that the accused did not appear in person because the particular manner of his coming is stated to be otherwise by attorney. That the recital in the record of any appearance by attorney does not afford record evidence of a personal presence was expressly decided in Lovett vs. State, *supra*. On the 13th of the same month, the day after the trial, the record shows that the accused, by his attorney, made a motion for a new trial, which motion was overruled by the court. The record of this day's proceedings, after reciting the overruling of the motion for a new trial, states: "And now on this day came the State of Florida," by her solicitor, and "comes the defendant in his own proper person," as well as attended by his counsel, when the sentence of the law was pronounced. The accused was then present in court when the sentence was passed upon him, but it is not certain that he was present when the motion for a new trial was overruled, although this latter event occurred the same day the sentence was passed. In Sperry vs. Commonwealth, 9 Leigh, 623, the record showed that a verdict against the accused was rendered on the 28th day of the month, and upon the rendition of the verdict it is recited, "whereupon the prisoner was remanded to jail." It was said by the

court: "If it can be inferred, from the circumstance that the prisoner was remanded to jail, that he was personally present during the proceedings on the 28th, * * when the verdict of conviction was found, there is no such circumstance stated in the proceedings of the preceding day." The motion for the new trial in the case at bar was made by counsel for the accused on the day following the trial, and while the accused was personally present to receive sentence on the same day after the motion was overruled, there is no circumstance mentioned in connection with the overruling of this motion to indicate a then personal presence. But if we concede a personal presence during the proceedings of the second day, there is nothing to indicate it on the preceding day when the trial took place and the verdict was rendered. It follows then, that unless the endorsement made by the clerk on the back of the information changes the result, the record even as amended will not sustain the judgment in this case. Taking the clerk's endorsement on the information as sufficient evidence of an arraignment in open court, and which imports a personal presence, and in this case a personal plea, we have the accused personally present when arraigned and when sentence was passed upon him. It would be useless, so far as this case is concerned, to say what would be the result on such an assumption, if in fact we are not authorized to take the said endorsement of the clerk as record evidence of what is therein recited. The clerk states in said endorsement that the defendant, upon arraignment in open court, pleaded not guilty, but the record

of the proceedings of the trial recites that the defendant appeared by attorney and filed his plea of not guilty. The record proper, that is the minute recorded by the clerk, under the control and supervision of the court, and sanctioned by the approval of the Judge, must be taken by us as the proper evidence of what occurred in the trial of a cause. There is no statutory requirement that the clerk should endorse upon informations such a statement as he has placed upon the one before us. Some things in connection with the trial belong to the record proper, and the fact that the accused was personally present during the trial is one of them. In Lovett vs. State, *supra*, we held that a bill of exceptions under the hand and seal of the judge could not supply the omission in the record of a recital of a personal presence of the accused during the trial. Where the personal presence of the accused is required during the trial, the record must show it. *Vide* authorities *supra;* also 1 Bishop's Crim. Pro., sec. 1353, citations in note 4.

The endorsement of the clerk on the information in the case before us can only be considered as a memorandum made by him, but can not be given force to contradict the record of what was done, and which furnished the controlling evidence before us in such matters. The record shows that the accused was tried and convicted when he was not present, and the judgment can not be sustained without violating a rule clearly recognized by our court on this subject.

6

In view of the reversal of the judgment for the reason assigned, it becomes unnecessary to consider the other assignments of error.

It is therefore considered by the court that the judgment rendered herein be reversed, and that this cause be remanded to the Criminal Court of Record for Duval county for a new trial.