STATE OF FLORIDA, ex rel. H. J. DRANE, *Relator*, vs. F. M. ROBLES, as Judge of the Circuit Court of the Eleventh Judicial Circuit of Florida, in and for Hillsborough County, *Respondent*.

143 So. 438.

Opinion filed October 7, 1932.

*Dickenson & Lake* and *Ed. R. Bentley*, for Relator;

*S. Whitehurst's Sons, Hugh Hale, G. B. Langston, A. R. Carver, Zewadski & Pierce, Don Register, Wade Harrison,* and *Jackson, Dupree & Cone,* for the Motion to recall and modify the mandate.

PER CURIAM.—The Court affirmed the judgment ordering a peremptory writ. Mandate was issued requiring it to be enforced. After the mandate was lodged in the Court below the Circuit Judge ordered the peremptory writ to be amended and a portion of it quashed. The relator applied here for a writ of mandamus against the Circuit Judge to require him to comply with the mandate as issued. Respondent Judge made return, setting up that in his opinion the execution of the peremptory writ would be futile and asking permission to quash a portion of the same.

A majority of the Court are of the opinion that the motion to recall the mandate should not be granted because a recall of the mandate without a reversal of the judgment of affirmance heretofore entered by this Court, would be useless and futile. See Brown vs. State, 29 Fla. 494. The denial of the motion to recall the mandate necessarily results in a granting of a motion for a peremptory writ to the Circuit Judge to require compliance with the mandate.

BUFORD, C.J., AND WHITFIELD, TERRELL AND DAVIS, J.J., concur.

BROWN, J., dissents.

BUFORD, C.J. (Concurring specially).—The history of the procedure followed in this case is stated in the majority opinion.

While it appears to me that provisions should exist

under which the Court could in a case like this, pursue the course which has been suggested by the request of the Circuit Judge and by the motion of the appellant which is, that an order be entered by this Court allowing the court below to require the amending of the alternative writ of mandamus so as to eliminate from such writ the requirement that the relator recount, retabulate and return the votes cast in certain precincts where there is no proof that any invalid ballots have been cast. I find that under such conditions as obtain in this case the Court is without authority to recall its mandate and make such order. See Brown vs. State, 29 Fla. 494; 11 Sou. 181; Lovett vs. State, 29 Fla. 384, 11 Sou. 179. This case is ruled by the opinion and judgment in the case of Brown vs. State, supra, in which the Court said:

"It is evident that the judgment of this court which it is sought to have opened was rendered without irregularity of procedure, and upon the true record of the cause as it then stood in the Criminal Court of Record, and that our mandate had been filed in that court before any motion was made there to amend the record upon which the trial, or review, of the case was had here. There is not only not any error of law in our decision, but our exercise of jurisdiction has been entirely regular and is not the result of either mistake, surprise, imposition, misrepresentation or fraud. The record of that court as it was and as all the parties knew it to be, was regularly brought here and the cause duly heard. The State was content to let the record stand thus in the lower court and to risk a trial upon it here. It was entirely competent for the State to have had the record of that tribunal, if it did not speak the truth, amended while the proceedings were pending here, and by bringing the amended record here they could have arrested our action on the original record before we rendered judgment; Stephen vs. Bradley, 23 Fla. 393; 2 South. Rep. 667; Freeman on Judgments (4th ed.) sec. 73; Dunbar vs. Hitchcock, 3 Maule & Selw. 591; Richardson vs. Mellish, 3 Bing. 334; Richardson vs. Mel-

lish, 3 Bing. 346; Mellish v. Richardson, 7 Barn. & Cress., 819; Pickwood vs. Wright, 1 H. Bl. 643; Freel vs. State, 21 Ark. 212; Binus v. State, 35 Ark. 118; Exchange National Bank vs. Allen, 68 Mo. 474; Dow v. Whitman, 36 Ala. 604; Ladiga Saw Mill Co. vs. Smith, 78 Ala. 108; Neff vs. Edwards, 81 Ala. 248; Rew vs. Barker, 2 Cowen 408; Sparrow vs. Strong, 2 Nev. 362; and, according to some of the authorities, it could have secured a vacation of our judgment even after its rendition, if the amendment had been made below before the actual entry of such judgment; Mellish vs. Richardson, 7 Barn. & Cress., 819. Instead of pursuing this course, the State has rested its cause upon the record as it was made, and not only has our decision gone against it, but the cause has, by the issue of the remittitur and its lodgment in that court, passed from us. In the face of these facts, it cannot be said that the cause is still in this Court, or that there is any ground for restoring it to our docket; on the contrary, it falls within that class of the cases reviewed in the case of Lovett vs. State, just decided (29th Fla. 384, 11 South. Rep. 176) in which the jurisdiction of the appellate court is held to have been lost, and the cause cannot be recalled.''

This is true because the instant case was regularly brought to this Court by proper transcript of the record and it was admitted at the Bar of this Court that at the time the judgment of the lower court was rendered such judgment was the proper judgment and was warranted by the record.

It is further admitted at the Bar of this Court that the judgment of this Court as entered upon the record before it was the proper and correct judgment to have been entered upon such record. But, it is contended that by reason of the enunciation of the law of this State, as stated in the opinion affirming the judgment of the lower court, it now appears that a compliance with the judgment of the lower court, which became the judgment of this Court upon its affirmance, insofar as the judgment

applies to the ballots cast in certain precincts where there is no proof of invalid ballots having been cast but only proof of regular and irregular valid ballots having been cast, could result in no benefit to either party to this suit, and, therefore, the original alternative writ should be amended so as to eliminate the recount of the ballots in such precinct. This contention cannot prevail under the conditions of the record here and in the face of the opinion and judgment in the case of Brown vs. State, supra. This holding is not in conflict with, but is in harmony with the opinion and judgment in the case of Lovett vs. State, supra. Neither is it in conflict with the opinions and judgment in the case of Chapman vs. St. Stephens Protestant Episcopal Church, decided January 6th, 1932, reported 138 Sou. 630, in which the court said:

"For the purposes of the present motion, which is an extraordinary one to recall the mandate and grant a rehearing with regard to a judgment rendered in a case decided at the present term, it has been assumed that the judgment of this court reversing the decree of the circuit court was *erroneously* entered by this court, at least to the extent that it directs a particular decree to be entered in favor of the appellant.

If that proposition be true (which, of course, is not decided, but only assumed for the purpose of the present motion), the question which we must determine narrows itself down to the proposition as to whether or not the Supreme Court of Florida has jurisdiction or power to modify or change its own judgment of reversal during the term at which such judgment was rendered, when it is made to appear to this Court that *it has committed an error* which requires such change of its judgment in order to prevent a miscarriage of justice, even though a mandate has been issued and lodged in the circuit court. To hold in the negative would be to announce the remarkable doctrine that *errors* committed by the Supreme Court of Florida are the only errors in

the entire scheme of government for which no remedy can be found, where relief therefrom is seasonably applied for by an injured party. To hold to such a rule would be to declare that the Supreme Court of Florida has power to correct the errors of all other tribunals and departments of the government, while faithfully adhering to and perpetuating its own.'' (Italics supplied).

There is no contention that there was any error in the judgment of this Court in the instant case.

The writer is of the opinion, however, that since the Court has in the previous opinion in this case held ballots in primary elections marked with cross on the left to be irregular but valid, mandamus may not hereafter be resorted to to compel the recount and separate tabu￢ lation of those ballots which may be valid but technically irregular merely because they have been voted by the placing of a cross mark before the name of a candidate instead of it being placed after the name of a candidate in a primary election.

This Court has repeatedly held in effect that a Circuit Judge has no power without leave of the Appellate Court to vacate and set aside as void an order that has been affirmed by the Appellate Court. See State vs. White˙ and P. C. & P. Ry., 40 Fla. 297, 24 Sou. 160; Walker vs. Young, et al., 93 Fla. 29, 111 Sou. 516; State ex rel. Dowling et al. vs. Parks, 99 Fla. 1264, 128 Sou. 837. It, therefore, follows that a Circuit Judge is without authority to make an Order requiring the amendment of an alternative writ of mandamus after a judgment awarding peremptory writ based on such alternative writ has been affirmed by the judgment of this Court and the mandate of affirmance has been filed in the Court below, unless such authority be given in the mandate or otherwise under the law.

WHITFIELD, TERRELL AND DAVIS, J.J., concur.

946

Brown, J. (Dissenting in part).—My dissent in this case is not based so much upon a difference of opinion as to the law, for as to that I am in substantial agreement with my associates, but upon the application of the law to the facts and procedure in the lower court. As this particular situation is not likely to occur again, I do not think it necessary to prepare an opinion presenting my views indicated.