EUGENIA VINING, et al., v. AMERICAN BAKERIES COMPANY; et al.

159 So. 670.
Division A.
Opinion Filed March 1, 1935.
Petition for Rehearing Denied April 5, 1935.

*E. F. P. Brigham,* for Plaintiff in Error;

*Kurtz and Reed,* for Defendants in Error.

WHITFIELD, C. J.—In an action for personal injuries to an eighteen months old child, the first count of the declaration contains allegations that at a stated time and place the defendant company owned and maintained a motor vehicle towit: an automobile delivery truck, and that the defendant, R. M. McIlwean, an employee of said defendant company, was "operating and driving said motor vehicle so owned and maintained by the Defendant, American Bakeries Company, upon the property and premises of plaintiff's father, near the front entrance of the plaintiff's father's grocery store, * * *; that at said time and place, and while the plaintiff was standing on her father's premises and property, the said R. M. McIlwean so negligently and carelessly drove, ran and operated the said motor vehicle that it ran into and against the plaintiff, knocking her flat against the hard surface of her father's property, and one or more wheels of said motor vehicle, bearing the weight of said motor vehicle, ran over and across the mid-section of the plaintiff's body, breaking the plaintiff's pelvic bones, knocking her unconscious, crushing, bruising and injuring the plaintiff's organs contained in and near said pelvic bones, damaging, injuring, lacerating and bruising those parts of the plaintiff's body surrounding her pelvic bones, damaging, injuring and bruising the plaintiff's spine and the nerves and nerve centers, muscles and tissues surrounding the organs contained in the plaintiff's mid-section, and causing multiple contusions near the middle of plaintiff's body, * * * that the injuries so negligently caused and suffered as aforesaid are permanent and that by reason thereof the plaintiff,

Eugenia Vining, has suffered and will continue permanently to suffer great bodily and mental pain and suffering and injury."

The third and fourth counts are of the same general nature. The second count was eliminated. Trial was had on a plea of not guilty. Damages in $12,500.00 were awarded by the verdict. A motion for a new trial containing forty-nine grounds was granted and the plaintiff took writ of error under Section 4615 (2905) C. G .L.

Only the motion for new trial and the order granting it are to be considered on this writ of error taken under the statute. See Sec. 4615 (2905) 1934 Cum. Supp. to C. G. L., and authorities there cited; Jones v. Jacksonville Elec. Co., 56 Fla. 452, 47 So. 1.

Counsel for the plaintiff in error states four new questions to be determined, but agrees that those framed by counsel for the defendants in error "are the only ones involved," which are:

"(1)  Did plaintiff's evidence taken as a whole, and subjected to analysis as to reasonableness and logic, make out a case of actionable negligence?

"(2)  Did plaintiff's evidence taken as a whole, and viewed in the light most favorable to plaintiff establish that plaintiff had been permanently injured?

"(3)  Under the evidence, viewed in the light most favorable to plaintiff, and particularly in view of the fact that no permanent injuries were established, was the verdict excessive?

"(4)  Did the trial court err in giving its instructions to the jury?"

The evidence indicates that on the south side of West Flagler Street in the City of Miami, Florida, a grocery store of the infant's father sets back twenty or more feet

south of the hard surfaced part of the street; a hardware store adjoins on the east. The canopy cover of a gasoline and oil filling station extends to within a few feet of the hard surfaced part of the street from near the eastern front corner of the grocery store, and more in front of the hardware store on the east. There was a passageway for motor vehicles from the paved street west of the buildings along in front of the buildings and under the canopy shed of the filling station, thence back to the paved street east of the buildings. The truck of the defendant company was by the defendant employee of the company parked off the paved street to the west of the grocery store while the employee delivered bread in the store. When the employee driver came out of the store he started the truck to return to the paved street, and while doing so was intently looking to the left at another motor vehicle which was passing, both going east. Instead of continuing east the driver turned the truck to the right, apparently intending to pass under the canopy and then on to the paved street east of the canopy and buildings.

In doing so, the left front wheel of the truck passed over and upon the child at a point which was perhaps eighteen inches west of the canopy and in front of the grocery store.

It is probable that the driver of the truck did not observe the child as he came out of the store, but it was his duty to look ahead as he drove the truck; and if he had looked ahead as he turned to the right to go under the canopy he would have seen the child, who was injured as the truck was going under the canopy instead of continuing east on the street.

"Where in law the evidence requires the finding to be as made, and a judgment on the finding would be in accord with law and the requirements of substantial justice in the

cause, the appellate court will reverse an order of the lower court granting a new trial, when the matter is appropriately presented." Phillips v. Lowenstein, 91 Fla. 89, 107 So. 350.

"It is the duty of this Court to reverse an order granting a new trial when it appears from the record that no other verdict than that which was rendered could have been properly rendered under the pleadings and the facts as disclosed by the evidence." S. A. L. R. Co. v. Wester, 94 Fla. 259, 114 So. 242.

Where the verdict of the jury was right under the evidence and there was no material error of law or procedure in the trial, an order made by the trial court granting a new trial, will be reversed by the appellate court. Feinberg v. Stearns, 56 Fla. 279, 47 So. 797.

The evidence shows permanent injuries and actionable negligence under the issues made, and amply sustains the verdict the amount of damages awarded not being excessive.

Counsel for the defendants in error have not discussed the correctness of any particular charge given or refused by the court, but merely make general assertions of error in giving and refusing certain classes of charges. The court referred to four counts in the declaration when count number two had been eliminated, but this was corrected and no harm could reasonably have resulted from the oversight. As there was evidence of permanent injury to the plaintiff, charges given and those refused considered as a whole, does not lead to a conclusion that material error was committed in giving and refusing charges. The verdict is right under the law and the evidence, so a new trial should have been denied.

The order granting a new trial is reversed and the cause is remanded with directions to enter final judgment for the plaintiff below on the verdict, unless a motion in arrest of

judgment or for judgment *non obstante veredicto* shall be made and prevail. Sec. 4615 (2905) C. G. L. Jackson Bros. v. Yaeger, 80 Fla. 611, 86 So. 500 F. E. C. Ry. v. Davis, 96 Fla. 171, 117 So. 842.

It is so ordered.

BROWN and DAVIS; J. J., concur.

ELLIS, P. J., and TERRELL and BUFORD, J. J., concur in the opinion and judgment.