EUGENIA VINING, a minor, by her next friend and mother, EFFIE VINING, v. AMERICAN BAKERIES Co., *et al.*

163 So. 519.
Opinion Filed October 17, 1935.

*E. F. P. Brigham* of Miami, and *William K. Whitfield,* of Tallahassee, for Plaintiff in Error;

*Kurtz & Reed* and *Marion E. Sibley,* all of Miami, for defendants in Error.

PER CURIAM.—This case was first decided by this Court, March 1, 1935. Vining v. American Bakeries Co., 118 Fla. 572, 159 Sou. Rep. 670. Rehearing was shortly thereafter applied for and denied. After the mandate had been lodged in the Circuit Court an extraordinary motion for a new trial was filed in the lower court, accompanied by the filing of an extraordinary motion in this Court to recall the mandate and grant permission to the Circuit Court to consider the extraordinary motion for a new trial. All this took place at the January, 1935, term of the Supreme Court. On September 28, 1935, at the present (June, 1935) term of this Court the extraordinary motion to recall the mandate, etc., was denied. Vining v. American Bakeries Co., 121 Fla. 116, 163 Sou. 396. A petition for rehearing of the last order is' now before this Court, accompanied by an application for leave to present oral argument on same. The case

had already been orally argued at length on both the original hearing and on the extraordinary motion.

The record shows that the father and next friend of the minor plaintiff (who has only eighteen months old at the time of the injuries sued for) has committed suicide since this case was first disposed of in this Court on March 1, 1935. The claim sought to be advanced in the lower Court by petitioner here is that two witnesses for the successful plaintiff, Eugenia Vining, whose father is now dead, testified falsely at the trial of her case and were so induced to testify by the deceased father. Wherefore, it is argued, the defendant below should be awarded a new trial in order to have the opportunity of rebutting the testimony of the two alleged perjured witnesses by means of a retrial. Criminal charges have been lodged against the two alleged perjured witnesses but such criminal accusations have not been brought to trial, nor have convictions for the alleged perjury been obtained as a basis of support for the unusual motion to reopen the case now being made and insisted upon, both in this Court and in the Circuit Court.

The child's father, in whose name as next friend the suit below was prosecuted to final judgment, would be a most material witness in plaintiff's behalf if a new trial were ordered. As has been said, the child's father committed suicide shortly after the perjury charges were suggested in the Circuit Court. He left behind him as he did so, a suicide note saying in part:

"It is 3 o'clock and I am now to take that new road. I want the public to know that I have been framed right in the Court-house. I hope God may be merciful on the ones that did it."

While the foregoing is the solemn declaration of a man about to take his own life and therefore within the spirit,

although not the letter, of the rule which treats dying declarations as the legal equivalent to the testimony of the declarant given under the sanction of an oath as witness, it is nevertheless not such a dying declaration as would be legally admissible as evidence in plaintiff's behalf, if offered for the purpose of refuting on a new trial the perjury charges that have been made against the plaintiff's deceased father and next friend as a basis for avoidance of the judgment obtained in his name on behalf of his young daughter.

Therefore, conceding that the vacation of plaintiff's judgment and the reopening of the case is solely a matter of judicial discretion under the circumstances, even at this late hour, as the present petition for rehearing contends, it is primarily a matter within the initial discretion of the Supreme Court as the Court of first instance, since the judgment below cannot be now lawfully vacated, nor a new trial awarded on the issues without permission so to do being obtained from this Court whose judgment it now is. State, *ex rel.* Drane, v. Robles, 106 Fla. 940, 143 Sou. Rep. 438.

A careful re-examination and reconsideration of this case in all its phases has satisfied this Court that no sufficient legal cause, discretionary or otherwise, has been made to appear to legally warrant this Court in receding from, or modifying, its previous opinions and judgments in this case, therefore the petition for rehearing now before the Court should be and is hereby denied and leave to orally argue same refused.

Rehearing denied.

WHITFIELD, C. J., and TERRELL, BUFORD and DAVIS, J. J., concur.