C. V. HILL & COMPANY, PROSECUTOR, v. AUGUSTUS N. DRAKE, RESPONDENT.

Argued October 2, 1935—Decided January 23, 1936.

For the prosecutor, *Merritt Lane.*

For the respondent, *Samuel D. Lenox.*

Before Justices CASE and BODINE.

PER CURIAM.

On August 5th, 1929, Augustus N. Drake was injured by an accident while in the employ of C. V. Hill & Company. On December 10th, 1930, the bureau awarded compensation. The pleas, November 25th, 1931, affirmed the award as made. Drake had appealed.

Before or shortly after the appeal was taken, Drake, by at least two separate documents, petitioned the bureau to review, under section 21f of the Compensation act, claiming his disability had increased. These petitions remained in abeyance until after the disposition of the matter by the pleas. The proofs, on the hearing on the petitions to review, disclosed that the disabilities had increased. One petition to review was verified December 16th, 1930, and an amended petition was verified January 2d, 1931. Just when these petitions were filed does not appear. Nevertheless, the bureau took jurisdiction, awarded increased disability and the pleas affirmed. What petitioner sought to do was to save his right to reopen and at the same time take his appeal. This we do not think he can do. He has a right to appeal and a right to apply to have the case reopened, but he must pursue one or

the other remedy. He cannot both appeal and petition the bureau to review its findings. Nor can we see how an oral request to take further proofs before the determination of the bureau can be the basis of any rights. Although the act is intended to be remedial the orderly procedure demands that there be a finality to determinations which are subject to appeal, and that if a remedy by review be sought it be made in a timely manner and not while the applicant is pursuing an appeal. In a common law action a petition for a new trial could not be countenanced as keeping that remedy open after an appeal was taken. A rule of procedure so simple must be regarded as known to all members of the bar. The petitions to review had no validity until after the disposition of the appeal. Then they were too late.

The award for increased compensation will be set aside, with costs.