ROBERTS, Justice.
This is ian appeal in a workman’s compensation case, which is making its second appearance before this court. The facts respecting the claimant’s injuries and the disposition of his claim for compensation are set forth in the opinion of this court in Davis v. Combination Awning & Shutter Co., Fla., 47 So.2d 436. As shown therein, the Deputy Commissioner on the first hearing as to appellant’s claim, awarded compensation.- This award was, on appeal to the Full Commission, reversed; and the order of the Full Commission was affirmed by the Circuit Court on appeal. The appeal to this court was dismissed for lack of jurisdiction.
Thereafter, the 'appellant filed an application with the 'Commission seeking to reopen the case on the ground that one of the key witnesses in the first hearing before the Deputy Commissioner perjured himself. The Deputy Commissioner held that he had no jurisdiction to change the award for the reason that his original ■award had been reversed by the Full Commission; the Full Commission held,,on appeal to it, that it had no jurisdiction over the matter; and the Circuit Court on appeal affirmed the order of the Full 'Commission on two grounds: (1) that the petition for review was filed more than one year after the entry of the Commission’s original order rejecting the claim, and (2) that perjured testimony was not, as a matter of law, sufficient to reopen the case. It is this order which we here review.
Our statute, Section 440.28, Florida Statutes, F.S.A., authorizes the Commission to review its order rejecting a claim “at any time prior to one year after.the rejection of a claim” on a showing of a change in condition or a mistake in a determination of fact. Since the appellant’s application for review was filed more than one year after the order of the 'Commission rejecting the claim, but prior to one year after the mandate of this court was sent down on the appeal here from the order of the Circuit Court affirming such order, the question is whether the pendency of the appeals in the Circuit Court and in this court tolled the running of the one-year period 'prescribed by Section 440.28, supra.
There are some circumstances, certainly, in which the pendency of an appeal should *744 toll the running of the statute. Thus, in Skelly Oil Co. v. Harrell, 192 Okl. 101, 134 P.2d 136, 138, where the employer had appealed from an award in favor of the claimant, it was held that, during the pend-ency of such appeal, the statute did not run against the claimant’s right to reopen the case on the ground of a change in condition. The Oklahoma court said: “During the pendency of said action, the prosecution of a proceeding to reopen on the ground of a change in condition, would have afforded no purpose except to toll the statute of limitations, in that any award entered pursuant to such a proceeding would have been unenforceable, since the question of liability was undetermined.” This ruling is in accord with the general rule as to limitations statutes that “Where a person’ is prevented from exercising his legal remedy by the pendency of legal proceedings, the time during which he is thus prevented should not be counted against him in determining whether limitations have barred his right,” 54 C.J.S., Limitations of Actions, § 247, and would be applicable under similar circumstances in this state, since it is here held that the Commission has no jurisdiction to modify an original award while the cause is pending on appeal. Concord Realty Corp. v. Romano, 159 Fla., 1, 30 So.2d 495.
Evidently on the theory that a cause of action to change an award which is the subject of an appeal does not accrue until the correctness of such award has been finally and completely determined by the appellate court, it is held by the Supreme Court of the State of Washington that their statute authorizing the reopening of a workmen’s compensation case on the ground of aggravation of disability does not begin to run until the date of the af-firmance of such award by the appellate court, even though it is the claimant who is prosecuting the appeal. See Hunter v. Department of Labor and Industries, 190 Wash. 380, 68 P.2d 224; Reid v, Department of Labor and Industries, 1 Wash.2d 430, 96 P.2d 492.
The contrary has, however, been held by. the Supreme Court of New Jersey. In C. V. Hill & Co. v. Drake, 182 A. 480, 14 N.J.Misc. 95, where the claimant appealed from an-award of compensation and, either before or shortly after such appeal was taken, petitioned the bureau to review the award on the ground of an increase in disability, the court said: “What petitioner sought to do was to save his right to reopen and at the same time take his appeal. This we do not think he can do. He has a right to appeal and a right to apply to have the case reopened, but he must pursue one or the other remedy. He cannot both appeal and petition the bureau to review, its findings. , * * * The petitions to review had no validity until after the disposition of the appeal. Then they were too late.”
We are cognizant of the rule that our workmen’s compensation act should be given a broad and liberal construction in favor of the claimant; but we are not persuaded that this rule requires an interpretation of the provisions of Section 440.28 different from the general rules respecting the running of statutes of limitations. Thus, while it is held that during the pen-dency of litigation provoked by defendant’s own acts, limitations do not run against plaintiff, this rule does not ordinarily apply where the legal proceedings relied on to toll the statute were provoked or promoted by the plaintiff. 54 C.J.S., Limitations of Actions, § 247. Under the terms of our statute, the Commission’s jurisdiction to review an award continúes for one. year after the date of the last payment of compensation, or after the rejection o-f a claim. ' And it is our view that, where the appeal is taken by the claimant from the Commission’s order, the pendency of such appellate proceedings will not toll the running of the statute. If during the pendency of the appeal, and within the one-year period, the claimant discovers “a mistake in a determination of a fact” or suffers a “change in condition,” he may dismiss his appeal and petition the Commission for a review of the case on either of the statutory grounds. But if he fails to do so and the one-year period expires, his remedy is extinguished. Any other holding would penalize a claimant who, for lack of funds to- prosecute an appeal, or other *745 reason, is required to abide by the decision of the Commission rej ecting. his claim.
We hold, then, that the lower court did not err in its determination that the Commission did not have iurisdiction of the cause under Section 440.28, supra.
While we recognize the rule that “Orders, decrees, or judgments, made through fraud, collusion, deceit, or mistake, may he opened, vacated, or modified at any time, on the proper showing made by the parties injured”, Alabama Hotel Co. v. J. L. Mott Iron Works, 86 Fla. 608, 98 So. 825, 826, and concede that this rule may in a proper case be applied to reopening a compensation award even though the one-year period specified in 440.28 has passed, we do not think that a showing sufficient to justify reopening has been made in the instant case. See Vining v. American Bakeries Company, 118 Fla. 572, 159 So. 670; Id., 121 Fla. 116, 163 So. 396, Id., 121 Fla. 122, 163 So. 519. The lower court did not err in so holding.
For the reasons stated, the order appealed from should be and it is hereby
Affirmed.
TERRELL, Acting Chief Justice, and MATHEWS and DREW, JJ, concur.