375 F.2d 737
 Donald L. JONES, Appellant,
v.
Stanley BOMBECK, Jr., City Police Officer, City of Sharon,
Pennsylvania, William Lavin, City Police Officer, City of
Sharon, Pennsylvania, and Joseph Matchak, City Police
Officer, City of Sharon, Pennsylvania.
 No. 16188.
 United States Court of Appeals Third Circuit.
 Submitted March 21, 1967.
Decided March 27, 1967.
 
 Donald L. Jones, pro se.
 E. V. Buckley, Pittsburgh, Pa. (Mercer & Buckley, Pittsburgh, on the brief), for appellees.
 Before STALEY, Chief Judge, and KALODNER and SMITH, Circuit Judges.
 OPINION OF THE COURT
 PER CURIAM.
 
 
 1
 This is an appeal from the dismissal of a civil rights action commenced under 42 U.S.C. 1983, 1985 and 28 U.S.C. 1343. The complaint alleges that the defendants, acting in conspiracy among themselves and with others, induced the plaintiff to commit and participated with him in the commission of a burglary for which he was apprehended and is now serving a sentence.
 
 
 2
 The district court granted defendants' motion to dismiss the complaint on the grounds that it failed to state a cause of action and that, on its face, it was barred by the statute of limitations. We fully agree with the district court's disposition.
 
 
 3
 To state a cause of action under the Civil Rights Act it is necessary that there be an allegation that plaintiff was denied or that there was a conspiracy to deny him a constitutional right, privilege or immunity. See Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961). Here, at best, all that appellant has alleged is entrapment. While entrapment may be a proper defense in a criminal action, a police officer's participation in such activity does not constitute a constitutional violation.
 
 
 4
 We also approve the district court's alternative ground for dismissal. In the absence of a congressionally-enacted time limitation for the bringing of such actions, the state statute of limitations should be applied. O'Sullivan v. Felix, 233 U.S. 318, 34 S.Ct. 596, 58 L.Ed. 980 (1914); Gaito v. Strauss, 249 F.Supp. 923 (W.D.Pa.), aff'd per curiam, 368 F.2d 787 (C.A.3, 1966), cert. denied, 386 U.S. 977, 87 S.Ct. 1173, 18 L.Ed.2d 139 (March 20, 1967); Conard v. Stitzel, 225 F.Supp. 244 (E.D.Pa.1963). Assuming that the Pennsylvania two year statute of limitations applied,[1] 12 Purdon's Pa.Stat.Ann. 34, it is clear that this action was filed well beyond the permissible date. We can discern no reason why the statute should be tolled because the appellant was incarcerated.
 
 
 5
 The judgment of the district court will be afffirmed.
 
 
 
 [1]
 It is possible that a shorter time limitation could apply. See Henig v. Oderiose, 256 F.Supp. 278, 280 (E.D.Pa., 1966)