Ronald Lee **HILEMAN**, Plaintiff,

v.

**Lawrence KNABLE, Jr., Police Officer,
Andrew Kurey, Police Officer,
Defendants.**

**Civ. A. No. 9639.**

United States District Court
M. D. Pennsylvania.

April 18, 1967.

Ronald Lee Hileman, pro se.

Nauman, Smith, Shissler & Hall, Harrisburg, Pa., for defendants.

### MEMORANDUM

FOLLMER, District Judge.

Ronald Lee Hileman, an inmate at the State Correctional Institution, Huntingdon, Pennsylvania, was allowed to institute this action as to a portion of his complaint under the Civil Rights Act (42 U.S.C. § 1983), in forma pauperis, by Order dated October 13, 1966. The defendants were served and upon their request they were granted additional time in which to answer or otherwise move or plead. Subsequently, the defendants filed timely motions to dismiss and to strike portions of the complaint. The grounds for the motion to dismiss are that the complaint fails to state a claim upon which relief can be granted and that the action is barred by the applicable statute of limitations. The defendants also move to strike the "Affidavit of Forma Pauperis" for failure to comply with 28 U.S.C. § 1915 and a portion of the ad damnum clause as immaterial and impertinent. By Order dated January 6, 1967, it was directed, pursuant to Rule 78 of the Federal Rules of Civil Procedure, that determination of the defendants' motions be made upon brief written statements of reasons in support of and in opposition to the said motions. Briefs have been filed and the motions are now before this Court for determination.

The first question which will be considered is whether the complaint is barred by the applicable statute of limitations. In considering this, the allegations of the complaint are pertinent. The plaintiff was granted leave to commence this action only as to paragraphs 3 and 4 of the complaint, which paragraphs read as follows:

"3— Plaintiff was illegally arrested by Mr. L. Knable, Jr., Officer of the Mount Union Borough Police. Officer Knable place(d) the Plaintiff under arrest without a warrant for his arrest.

"4— Plaintiff was confine(d) to the Mount Union Jail without a proper warrent (sic) or commitment by Mr. L. Knable, Jr. and Mr. A. Kurey; Officers of the Mount Union Borough Police."

There is no federal statute of limitations as to actions under 42 U.S.C. § 1983. "In the absence of a congressionally-enacted time limitation for the bringing of such actions, the state stat-

ute of limitations should be applied." Jones v. Bombeck, 375 F.2d 737 (3d Cir. Decided March 27, 1967). Thus the Pennsylvania statute of limitations is applicable.

In this case, the incidents complained of occurred on or about September 12–14, 1964. The complaint was received by the Clerk of Court on September 8, 1966, although the Order allowing the action to be commenced was not entered until October 13, 1966, at which time the complaint was "filed."

Under 12 P.S. § 51, actions for malicious prosecution or for false arrest must be brought within one year of the accruing of the cause of action. However, it has been indicated that actions for false imprisonment must be brought within two years. Henig v. Odorioso, 256 F.Supp. 276, 280 (E.D.Pa.1966), citing Jones-Burget v. Borough of Dormont, 14 F.2d 954 (3d Cir. 1926). In this regard, it is stated in 2 Standard Pennsylvania Practice, § 73, p. 153, as follows:

"* * * Formerly it was held that an action for false arrest and imprisonment was for an injury wrongfully done to the person and was barred by the two-year statute, and while it seems that the one-year statute is inapplicable to actions of false imprisonment not involving malicious prosecution or false arrest, if the wrong is basically malicious prosecution or false arrest the bar of the statute may not be evaded by casting the action in the form of an action for false imprisonment." (Footnotes omitted).

The action here is basically one for false arrest and the one year statute of limitations provided in 12 P.S. § 51 is applicable. Funk v. Cable, 251 F.Supp. 598, 600 (M.D.Pa.1966); 16 P.L.E.False Imprisonment § 5, p. 298. Moreover, the statute is not tolled because plaintiff was imprisoned. Jones v. Bombeck, supra; Conard v. Stitzel, 225 F.Supp. 244 (E.D. Pa.1963); Walker v. Mummert, 394 Pa. 146, 146 A.2d 289 (1958).

Since the cause of action accrued by September 14, 1964, it should have been commenced by September 13, 1965.[1] Accordingly, the action is barred and the complaint must be dismissed. In light of this, the other grounds raised in defendants' motions need not be ruled upon.

---

[1]. We do not reach the question of whether the statute was tolled by the receipt of the complaint by the Clerk of Court.