Walter Frank KNOWLES alias John Frank Smith, Plaintiff-Appellant,

v.

Dale CARSON et al., Defendants-Appellees.

No. 27881

Summary Calendar.

United States Court of Appeals Fifth Circuit.

Nov. 7, 1969.

Walter Frank Knowles, pro se.

Earl Faircloth, Atty. Gen., Tallahassee, Fla., T. T. Turnbull, Asst. Atty. Gen., State of Florida, William L. Durden, Gen. Counsel, R. Hudson Olliff, David U. Tumin, Asst. Counsel, Jacksonville, Fla., for defendants-appellees.

Before WISDOM, COLEMAN, and SIMPSON, Circuit Judges.

PER CURIAM:

We have concluded on the merits that oral argument is unnecessary in this case. Accordingly, we have directed the Clerk to place the cause on the Summary Calendar and to notify the parties of this fact in writing. See Rule 18 of the Rules of the Court, Murphy v. Houma Well Service, 5 Cir.1969, 409 F.2d

804, Part I, and Huth v. Southern Pacific Company, 5 Cir., 1969, 417 F.2d 526, Part I.

Walter F. Knowles appeals from an order dismissing his complaint as barred by the statute of limitations. The complaint alleges a civil conspiracy under the Civil Rights Act. 42 U.S.C. §§ 1983, 1985, and 1986. Jurisdiction is based upon 28 U.S.C. § 1343. Knowles alleges that his civil rights were violated by certain officials of the State of Florida. The acts complained of arise out of arrest, conviction, and imprisonment of Knowles on a charge of assault with intent to rape his 13-month-old daughter. After his direct appeal was dismissed because his Notice of Appeal was insufficient, Fla.App.1964, 165 So.2d 201, and the Florida Supreme Court denied certiorari, 169 So.2d 389, he filed in the Supreme Court a pro se petition for a writ of certiorari. The Court granted certiorari and reversed the judgment dismissing the appeal. Knowles v. Florida, 1965, 381 U.S. 763, 85 S.Ct. 1810, 14 L.Ed.2d 723. Accordingly, the Florida Court of Appeals reversed and set aside the conviction. Knowles v. State, Fla.App.1966, 183 So.2d 597. Knowles was released from confinement on April 14, 1966. On July 5, 1968, he filed the complaint upon which this action is based.

The district court, upon the defendants' motion for summary judgment, dismissed the action for failure to state a cause of action upon which relief could be granted. The motion affirmatively pleaded that the cause of action was barred by the statute of limitations. We agree and affirm the judgment below.

The several acts allegedly committed by the defendants are stated to have occurred at various times. The first act is alleged to have occurred on July 31, 1963. The last overt act from which damage could have flowed is alleged to have occurred on January 27, 1964. See Lambert v. Conrad, 9 Cir.1962, 308 F.2d 571.

The appellant relies upon 42 U.S.C. §§ 1983, 1985, 1986 as the bases for his cause of action. Section 1986 provides that an action brought under that section must be commenced within one year after the cause of action accrues. Therefore, any cause of action against appellees based upon that section is clearly barred.

Sections 1983 and 1985 do not include a specific limitation. Since the Act contains no provision limiting the time within which an action thereunder may be brought, the applicable Statute of Limitation is that which the State would enforce had the action seeking similar relief been brought in the State Court. O'Sullivan v. Felix, 1914, 233 U.S. 318, 34 S.Ct. 596, 58 L.Ed. 980; Beard v. Stephens, 5 Cir.1967, 372 F.2d 685; Henig v. Odorioso, E.D.Pa.1966, 256 F.Supp. 276, aff'd 3 Cir.1967, 385 F.2d 491, cert. denied, 390 U.S. 1016, 88 S.Ct. 1269, 20 L.Ed.2d 166, rehearing denied, 391 U.S. 929, 88 S.Ct. 1814, 20 L.Ed.2d 671.

Title 8, § 95.11, Florida Statutes, F.S.A., establishes the limitations upon actions other than for recovery of real property. Under subsection (6) of that section, actions for libel, assault, battery, or a false imprisonment must be brought within two years. Subsection (4) provides that an offense not specifically named must be brought within four years. Actions which may be commenced in periods exceeding four years are inapplicable to the instant case. Therefore, irrespective of the determination as to exactly which Florida statute is involved, the action is barred by these limitations. We can discern no reason why the statute should be tolled because Knowles was incarcerated. See Jones v. Bombeck, 3 Cir.1967, 375 F.2d 737; Gaito v. Strauss, W.D.Pa.1966, 249 F.Supp. 923, aff'd, 3 Cir.1966, 368 F.2d 787, cert. denied, 386 U.S. 977, 87 S.Ct. 1173, 18 L.Ed.2d 139.

The judgment below is

Affirmed.