347 So.2d 441 (1977)
Larry LEATHERWOOD, Appellant,
v.
The CITY OF KEY WEST, Merle Papy, and the Insurance Company of North America, a Pennsylvania Corporation, a/K/a Ina, Jointly and Severally, Appellees.
No. 76-1029.
District Court of Appeal of Florida, Third District.
May 31, 1977.
Rehearing Denied July 13, 1977.
Larry Leatherwood, in pro. per.
Papy, Levy, Carruthers & Poole and Sheridan K. Weinstein, Coral Gables, for appellees.
Before PEARSON, HAVERFIELD and HUBBART, JJ.
PER CURIAM.
Plaintiff, Larry Leatherwood, seeks reversal of a summary final judgment entered in favor of the City of Key West and its liability insurer.
On January 5, 1973 plaintiff was arrested by Merle Papy, a City of Key West police officer, on the charge of assaulting an officer and in December the charge was dismissed for Papy's failure to appear. On April 29, 1975 plaintiff filed suit against Merle Papy, the City of Key West and its liability insurer, The Insurance Company of North America (INA), for false imprisonment, *442 false arrest and malicious prosecution. Subsequently the service as to INA was quashed with leave to re-serve; however, INA was never reserved. Papy, Key West and INA moved for summary judgment and after a hearing, the trial judge granted summary judgment as to Key West and INA. We affirm.
The cause of action for false arrest and imprisonment accrued on the day of plaintiff's arrest, January 5, 1973. See Gordon v. City of Belle Glade, 132 So.2d 449 (Fla.2d DCA 1961). In addition, plaintiff's cause of action for malicious prosecution accrued at the time of dismissal of the charge against him in December 1973. See American Salvage and Jobbing Company, Inc. v. Salomon, 295 So.2d 710, 712 (Fla.3d DCA 1974). At the time the respective causes of action against the City of Key West and INA accrued, a one-year statute of limitation was in effect. See Section 95.24, Florida Statutes (1973).[1] Thus, it is abundantly clear the plaintiff's suit filed in April 1975 was untimely as to these two defendants. Furthermore, contrary to plaintiff's contention that the City of Key West was estopped to plead the statute of limitations, we find the City is not so estopped as the alleged acts, which plaintiff contends constitute an estoppel, occurred subsequent to the running of the statute of limitations. We also find no error in the entry of judgment for INA in spite of the fact it was not re-served as INA is held to the same accountability as its insured, the City of Key West, and was still under a duty to defend the City.
Affirmed.
NOTES
[1] "95.24 Liability of cities and villages for damages to person or property. 

"(1) No action shall be brought against any city or village for any negligent or wrongful injury or damage to person or property unless brought within twelve months from the time of the injury or damages."