[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 21-10473
Non-Argument Calendar

_____

D.C. Docket No. 0:20-cv-60081-AHS

MAEGUERITA QUIRE,

Plaintiff-Appellant,

versus

DETECTIVE CHRISTOPHER SMITH, for Miramar Police,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 30, 2021)

Before WILSON, MARTIN, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Maeguerita Quire, proceeding pro se, appeals the sua sponte dismissal of her

42 U.S.C. § 1983 complaint, which alleged a false arrest stemming from an

incident in 2012. She also appeals the denial of her motions for default judgment and to recuse the district court judge. Quire argues the district court erred in dismissing the complaint as time-barred and in denying her motion for default judgment. She also argues the district court abused its discretion in denying her motion to recuse. After careful consideration, we affirm.

**I**

We review <u>de novo</u> a district court's sua sponte dismissal of a complaint for failure to state a claim and we review for abuse of discretion a district court's denial of leave to amend. <u>Brown v. Johnson</u>, 387 F.3d 1344, 1347 (11th Cir. 2004). "A district court abuses its discretion if it applies an incorrect legal standard, applies the law in an unreasonable or incorrect manner, follows improper procedures in making a determination, or makes findings of fact that are clearly erroneous." <u>Aycock v. R.J. Reynolds Tobacco Co.</u>, 769 F.3d 1063, 1068 (11th Cir. 2014) (quotation marks omitted).

We review the denial of a motion for default judgment for abuse of discretion. <u>Mitchell v. Brown & Williamson Tobacco Corp.</u>, 294 F.3d 1309, 1316 (11th Cir. 2002). We also review the denial of a motion to recuse for an abuse of discretion. <u>Draper v. Reynolds</u>, 369 F.3d 1270, 1274 (11th Cir. 2004). <u>Pro se</u> briefs are construed liberally. <u>Timson v. Sampson</u>, 518 F.3d 870, 874 (11th Cir. 2008) (per curiam).

**II**

A. Dismissal of Complaint and Denial of Motion for Default Judgment

The district court did not err in sua sponte dismissing the complaint and denying Quire's motion for default judgment, because it is clear from the face of the complaint and Quire's attached evidence that her claim is time-barred.

A dismissal on statute of limitations grounds is appropriate if it is apparent from the face of the complaint that the claim is time-barred. La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004). The length of the statute of limitations in a § 1983 action is determined by the law of the state where the cause of action arose. Wallace v. Kato, 549 U.S. 384, 387, 127 S. Ct. 1091, 1094 (2007). In Florida, where this cause of action arose, the statute of limitations for false arrest claims is four years. Fla. Stat. § 95.11(3)(o). And the cause of action for false arrest accrues on the date of arrest. Leatherwood v. City of Key West, 347 So. 2d 441, 442 (Fla. 3d DCA 1977) (per curiam).

Prior to dismissing an action on its own motion, a court must typically provide the plaintiff with notice and an opportunity to respond to the contemplated dismissal. Tazoe v. Airbus S.A.S., 631 F.3d 1321, 1336 (11th Cir. 2011). An exception to this requirement exists, however, when amending the complaint would be futile, or when the complaint is patently frivolous. Id.

3

Quire filed the complaint in January 2020 alleging a false arrest. She submitted pleadings and evidence, including a video recording, showing the arrest occurred in 2012. As such, the arrest occurred more than four years before she filed the complaint. Her complaint was therefore time-barred and any amendment to the complaint would have been futile. See Fla. Stat. § 95.11(3)(o); Leatherwood, 347 So. 2d at 442; Tazoe, 631 F.3d at 1336.

Additionally, the district court did not abuse its discretion in denying Quire's motion for default judgment. Entry of default judgment is warranted only when there is "a sufficient basis in the pleadings for the judgment entered." Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975).[1] Because the false arrest claim was time-barred, default judgment was not appropriate. See Mitchell, 294 F.3d at 1316.

### B. Denial of Motion to Recuse

We also conclude the district court did not abuse its discretion in denying Quire's motion to recuse. A district judge must recuse himself "in any proceeding in which his impartiality might reasonably be questioned," or where a judge "has a personal bias or prejudice concerning a party," has participated as counsel in the

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981) (en banc), we adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981. Id. at 1209.

matter, or has a financial interest in the matter.  28 U.S.C. § 455(a), (b).  As the Supreme Court explained in Liteky v. United States, 510 U.S. 540, 114 S. Ct. 1147 (1994), challenges to a judge's "ordinary efforts at courtroom administration"— including "judicial rulings, routine trial administration efforts, and ordinary admonishments (whether or not legally supportable) to counsel and to witnesses"—are typically insufficient to require a judge to recuse.  Id. at 556, 114 S. Ct. at 1157–58.  Instead, the test is whether an "objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality."  Parker v. Connors Steel Co., 855 F.2d 1510, 1524 (11th Cir. 1988).

The standard for recusal has not been met.  Quire questioned the district court's impartiality based on the timing of its ruling on the pending motion for default judgment.  But the length of time the district court took to rule on the motion merely reflected the "ordinary efforts at courtroom administration," Liteky, 510 U.S. at 556, 114 S. Ct. at 1157, and does not reveal a lack of impartiality.  Nor does anything else in the record give us "significant doubt" about the district court's impartiality.  Parker, 855 F.2d at 1524.

**AFFIRMED.**

5