DLD-149                                                                        **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-3165
_____

JAMES ROBERT TICE, In re J.R.T. minor,
Appellant

v.

HARRY E. WILSON; PA STATE POLICE; MEGAN'S LAW SECTION; COMMONWEALTH
OF PA; DEPARTMENT OF HUMAN SERVICES OF PA; DEPARTMENT OF BJJS;
DEPARTMENT OF DPW; DEPARTMENT OF CHILDREN & YOUTH CYS; WAYNE
JOSEPH ALEXANDER; JUVENILE PROBATION DEPARTMENT; ROBERT BLAKELY;
DIANE DOMBROWSKI; FRED P. ANTHONY; STEPHANIE DOMITROVITCH; JOHN A.
BOZZA; BRENDA NICHOLS; PAUL MANZI; DOMINICK D. DIPAOLO; PETER
NAKOSKI; MILLCREEK POLICE DEPARTMENT; ERIE POLICE DEPARTMENT; PAM
MARSH-HERMITAGE HOUSE; ATTORNEY ANTHONY A. LOGUE; DISTRICT
ATTORNEY KATHLEEN ANN SCIBETTA; BRAD H. FOULK; JIM K. VOGEL;
DEPARTMENT OF CORRECTIONS (DOC); ERIE COUNTY PRISON; HARBOR CREEK
YOUTH SERVICES; STS- SPECIALIZED TREATMENT SERVICES; NEW CASTLE
MAXIMUM SECURITY JUVENILE PRISON (YDC); SOCIAL SECURITY
ADMINISTRATION; UNITED STATES ATTORNEY FOR THE WESTERN DISTRICT
OF PENNSYLVANIA, ON BEHALF OF THE UNITED STATES OF AMERICA, AND THE
COMMISSIONER OF SOCIAL SECURITY, AND DEPARTMENT OF JUSTICE; NEXSTAR-
MEDIA GROUP, INC; WFXP FOX 66/WJET TV; JULIE ZOUMBARIS; JIM RUMM;
STATION MANAGER BARBARA PERCY, WFXP; MISSION BROADCASTING;
CHAIRWOMAN NANCIE J. SMITH; EDMUND L. THOMAS DETENTION CENTER; PA
BOARD OF PROBATION AND PAROLE; CHARLES SUNWABE
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 1:24-cv-00044)
District Judge:  Honorable Cathy Bissoon
_____

Submitted for Possible Summary Action

Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 15, 2025
Before: RESTREPO, FREEMAN, and NYGAARD, <u>Circuit Judges</u>

(Opinion filed: May 29, 2025)
_____

OPINION[*]
_____

PER CURIAM

James Robert Tice, proceeding pro se, appeals from an order granting numerous

defendants' motions to dismiss, and dismissing all remaining claims pursuant to 28

U.S.C. § 1915(e)(2)(B), in a civil action brought in the United States District Court for

the Western District of Pennsylvania. Several of the appellees have moved for summary

affirmance. For the reasons discussed below, we will grant those motions and will

summarily affirm the District Court's judgment.

In February 2024, Tice, proceeding pro se, filed a complaint in the United States

District Court for the Western District of Pennsylvania. The complaint spanned over 600

pages, named 43 defendants, and raised numerous claims related primarily to criminal

cases brought against Tice in the late 1990s. Several defendants filed motions to dismiss

under Federal Rule of Civil Procedure 12(b)(6). The District Court granted those

motions and sua sponte dismissed the remaining defendants with prejudice. As relevant

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

2

here, the District Court held that it was clear from the face of the complaint that the applicable statutes of limitations on Tice's claims had expired before he initiated the action.

Tice next filed a timely motion seeking relief under Federal Rules of Civil Procedure 59 and 60.[1] The District Court denied that motion, stating that "in addition to the fact that [Tice] has failed to point to new evidence *not previously available*, or otherwise demonstrate that the Judgment was entered in error under either Rule 59(e) or Rule 60(b), his proposed new claims arise from his treatment as a juvenile and would be time-barred on their face for the same reasons set forth in the Court's [prior] dismissal order." Tice appealed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Our review of a sua sponte dismissal for failure to state a claim, like that of the District Court's dismissal on the defendants' motions under Rule 12(b)(6), is de novo. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). We may summarily affirm a decision of the District Court on any basis supported by the record if the appeal does not raise a substantial question. See L.A.R. 27.4; I.O.P. 10.6; Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

---

[1] Tice labeled the submission "Motion to Amend Complaint," but the District Court treated it as arising under Rule 59 and 60. See Ahmed v. Dragovich, 297 F.3d 201, 207-08 (3d Cir. 2002) ("once a judgment is entered the filing of an amendment [under Rule 15] cannot be allowed until the judgment is set aside or vacated under Rule 59 or Rule 60") (internal citation omitted).

The allegations in Tice's sprawling complaint centered on his 1999-or-earlier state court convictions and his incarceration, which ended in 2007. But the statutes of limitations for Tice's various theories of liability expired well before he filed his complaint in 2024.[2] Tice appeared to concede that his claims were facially untimely but argued that the statutes of limitations should be tolled. See Fisher v. Hollingsworth, 115 F.4th 197, 211 (3d Cir. 2024) (stating that a "federal court deciding a constitutional tort case borrows state tolling . . . rules that apply to all personal injury torts"); Dique v. N.J. State Police, 603 F.3d 181, 185 (3d Cir. 2010) (holding that, unless inconsistent with federal law, state law governs the issue of whether a statute of limitations period should be tolled). Those arguments lack merit, however.

---

[2] See, e.g., 42 Pa. Cons. Stat. § 5524 (providing a two year statute of limitations for personal injury claims arising out of conduct in Pennsylvania) and § 5523(1) (stating that an action for defamation, slander, or invasion of privacy under Pennsylvania law is subject to a one year statute of limitations); Kost v. Kozakiewicz, 1 F.3d 176, 189-90 (3d Cir. 1993) (stating that Pennsylvania's two-year statute of limitations applies to 42 U.S.C. § 1983 actions); King v. One Unknown Fed. Corr. Officer, 201 F.3d 910, 913 (7th Cir. 2000) ("We determine the statute of limitations for Bivens actions as we determine the statute of limitations for § 1983 actions."); Rogers v. McDorman, 521 F.3d 381, 387 & n.23 (5th Cir. 2008) (stating that "the Supreme Court . . . held that civil RICO claims are subject to a four-year statute of limitations"); Disabled in Action of Pa. v. SEPTA, 539 F.3d 199, 208 (3d Cir. 2008) (holding "that the statute of limitations applicable to claims under Title II of the [Americans with Disabilities Act] . . . is the statute of limitations for personal injury actions in the state in which the trial court sits"); Bonelli v. Grand Canyon Univ., 28 F.4th 948, 951–52 (9th Cir. 2022) (stating that the state personal injury statute of limitations determines the period within which to bring an action under Title VI of the Civil Rights Act of 1964 and 42 U.S.C. § 1981); Kach v. Hose, 589 F.3d 626, 640-41 (3d Cir. 2009) (explaining that amendments to Pennsylvania statute extending time to bring a claim alleging childhood sexual abuse do not apply retroactively to claims that were already time-barred by the effective date of the amendment).

Contrary to Tice's assertions, tolling was not available for the period during which he was incarcerated. See 42 Pa. Cons. Stat. § 5533(a); Jones v. Bombeck, 375 F.2d 737, 739 (3d Cir. 1967) (per curiam). Furthermore, even if the time during which Tice was a minor could be excluded from the limitation period, see § 5533(b)(1), he turned 18 in 1997, decades before filing the underlying complaint. It is also clear from the face of Tice's complaint that there is no basis for tolling based on mistake, disability or the discovery rule. See Connors v. Beth Energy Mines, Inc., 920 F.2d 205, 211 (3d Cir. 1990) ("[M]ere mistake, misunderstanding, or lack of knowledge is not sufficient to toll the statute of limitations." (citation omitted)); Seto v. Willits, 638 A.2d 258, 262 (Pa. Super. Ct. 1994) (noting that Pennsylvania law does not allow for the tolling of a statute of limitations due to mental incapacity); Lake v. Arnold, 232 F.3d 360, 371 (3d Cir. 2000) (explaining that tolling for mental disability has been permitted where "the plaintiff's mental incompetence motivated, to some degree, the injury that he sought to remedy"); Mest v. Cabot Corp., 449 F.3d 502, 510-12 (3d Cir. 2006) (discussing tolling pursuant to the discovery rule).

In sum, the District Court properly concluded that Tice's claims are barred by the applicable statutes of limitations and that no tolling applies.[3] Because Tice's claims were

---

[3] All of the defendants who filed motions to dismiss cited the untimeliness of Tice's claims. (ECF 41 & 42; 57 & 59; 60 & 61; 73 & 74; 98 & 100). But even as to those defendants who did not file motions to dismiss, we conclude that dismissal on statute of limitations grounds was proper. See Vasquez Arroyo v. Starks, 589 F.3d 1091, 1097 (10th Cir. 2009) (holding that although the statute of limitations is an affirmative defense

barred, the District Court did not err in dismissing them with prejudice.  See LaSpina v.

SEIU Pa. State Council, 985 F.3d 278, 291 (3d Cir. 2021) (explaining that "leave to

amend need not be granted if amendment would be futile" (internal quotation marks

omitted)).  We also discern no abuse of discretion in the denial of Tice's motion for

reconsideration, as that motion failed to allege "(1) an intervening change in the

controlling law; (2) the availability of new evidence that was not available . . .; or (3) the

need to correct a clear error of law or fact or to prevent manifest injustice."  See Max's

Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999).  For

the foregoing reasons, we grant the appellees' motions for summary affirmance and will

summarily affirm the judgment of the District Court.[4]

---

that can be waived, a dismissal on statute of limitations grounds is permissible when "it is clear from the face of the complaint that there are no meritorious tolling issues, or the court has provided the plaintiff notice and an opportunity to be heard on the issue").

[4] Tice's pending motions are denied.